**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-516-FDW
(3:11-cr-384-FDW-7)**

| | |
|---|---|
| JASMON DELSHON MACKEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Government's Motion to Dismiss Petitioner Jasmon Delshon Mackey's pro se Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. (Doc. No. 5.)

**I.  BACKGROUND**

On May 2, 2012, Mackey entered a guilty to plea to conspiracy to possess with intent to distribute 280 or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1). Accept. & Entry of Plea, Doc. No. 91.[1] As part of Mackey's plea agreement, the government agreed to dismiss another charge, and the parties agreed that the amount of crack cocaine reasonably foreseeable to Mackey was 297.2 grams, that he should receive an offense-level reduction for acceptance of responsibility, and that either side could argue for a departure or variance at sentencing. Am. Plea Agrmt. ¶ 7, Doc. No. 90. Mackey agreed to waive the right to challenge his conviction and sentence on appeal or in any post-conviction proceeding, except for claims of ineffective assistance of counsel or prosecutorial misconduct. Id. at ¶¶ 18-19.

---

[1] Unless otherwise indicated, all docket references that are not in parentheses refer to documents in the underlying criminal action. Docket references in parentheses refer to documents in the instant habeas action.

A federal probation officer prepared a Presentence Investigation Report ("PSR") using the 2012 United States Sentencing Guidelines ("U.S.S.G.") Manual. PSR, Doc. No. 129. The officer calculated a base offense level of 32, based on the amount of crack cocaine attributed to Mackey. Id. at ¶ 30. With a three-level reduction for acceptance of responsibility, Mackey's total offense level was 29. Id. at ¶¶ 37-39. The officer found that Mackey had 22 criminal history points, placing him in criminal history category VI. Id. at ¶¶ 43, 52, 54, 61, 66-67, 68. His advisory sentencing guidelines range was 151–188 months' imprisonment. Id. at ¶ 104.

The Court accepted the PSR's calculations but varied downward and imposed a sentence of 140 months of imprisonment -- *below the advisory guidelines range*. Judgment, Doc. No. 206. Judgment was entered in August 2013. Id. Mackey did not file a direct appeal, but in 2015, he successfully moved to reduce his sentence under U.S.S.G. Amendment 782. Doc. No. 267. His sentence was reduced to 130 months' imprisonment. Doc. No. 274.

On June 24, 2016, Mackey filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, asserting that he was improperly sentenced based on state convictions that no longer qualify as crimes of violence. (Doc. No. 1.) The Government filed the instant Motion to Dismiss, contending that Mackey's claim is untimely, waived, procedurally defaulted, and without merit. (Mot. to Dismiss 1, Doc. No. 5.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court gave Mackey an opportunity to respond to the Government's motion (Doc. No. 6), and Mackey did so on January 26, 2017 (Doc. No. 9).

II.     **STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of an action based upon a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief under § 2255, a petitioner must prove that: (1) the sentence imposed "violat[ed] . . . the Constitution or laws of the United States;" (2) "the court

was without jurisdiction to impose such a sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). After examining the record in this matter, the Court finds that the claims presented in Mackey's § 2255 Motion can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Generally, a federal district court must dismiss any claim brought in a § 2255 motion that is filed more than one year after the date on which the judgment of conviction became final. See 28 U.S.C. § 2255(f)(1). There is an exception for claims based on rights newly recognized by the Supreme Court and made retroactive on collateral review. § 2255(f)(3).[2] Mackey asserts that his motion is timely because it is based on a new rule of constitutional law recognized by the Supreme Court (Mot. to Vacate 11, Doc. No. 1), in Johnson v. United States, 135 S. Ct. 2551 (2015) (Pet'r's Resp. 1, Doc. No. 9).

In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague under the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2558. The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1). "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct*

---

[2] There are two other exceptions, neither of which apply here. See §§ 2255(f)(2), (f)(4).

3

*that presents a serious potential risk of physical injury to another."* § 924(e)(2)(B) (emphasis added).

The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause. Johnson, 135 S. Ct. at 2556. The Court left intact the remainder of the ACCA's "violent felony" definition, including the four enumerated offenses and the "force clause." Id. at 2563. Thus, a defendant who was sentenced under the ACCA to a mandatory minimum term in prison based on a prior conviction that satisfies only the residual clause of the ACCA's "violent felony" definition is entitled to relief from his sentence.

Mackey was not convicted of being a felon in possession of a firearm, in violation of § 922(g). Thus, his sentences were not enhanced under the ACCA. Mackey contends, however, that the holding in Johnson applies equally to enhancements under the Sentencing Guidelines.

In his Motion to Vacate, Mackey asserts that his base offense level was increased by four levels due to his two prior convictions for possession of a firearm and by two levels for his prior conviction for shooting into occupied property. (Mot. to Vacate 4.) As the Government points out in its Motion to Dismiss, these assertions are factually baseless. Mackey's offense level was based upon the quantity of drugs attributed to him. PSR ¶ 30. His offense level was in no way based upon his prior convictions.

Recognizing his factual error, Mackey argues in his Response to the Government's Motion that the holding in Johnson applies if the district court assigns additional criminal history points for prior crimes of violence when determining a defendant's criminal history category under the federal sentencing guidelines. (Pet'r's Resp. 2, Doc. No. 9.) Specifically, he contends this Court erred in assigning criminal history points under U.S.S.G. §§ 4A1.1(e) and 4A1.2(d)(1) for his prior convictions for possession of a firearm and shooting into occupied property.

Sentencing Guidelines § 4A1.1(e) provides, in relevant part, that a defendant should

4

receive one criminal history point "for each prior sentence resulting from a conviction of a crime of violence[.]" U.S.S.G. § 4A1.1(e) (2012). Mackey was not assessed any criminal history points under U.S.S.G. § 4A1.1(e). See PSR ¶¶ 42-68. So, the holding in Johnson is of no help to him there.

Sentencing Guidelines § 4A1.2(d)(1) provides that for prior offenses committed before the defendant turned eighteen, he should receive three criminal history points, if he was convicted as an adult and received a sentence of imprisonment exceeding one year and one month. U.S.S.G. § 4A1.2(d)(1). This section contains no reference to "crime of violence" or any provision resembling the residual clause of the ACCA, so Johnson has no bearing on its application.

Finally, Mackey's argument is foreclosed by the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), which was issued after the parties filed their pleadings in this action. In Beckles, the Supreme Court held that the advisory federal Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause because they "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," id. at 892. Thus, the holding in Johnson does not extend to the advisory Sentencing Guidelines. See id.

Although Johnson announced a new rule of law and is retroactively applicable on collateral review, Welch v. United States, 136 S. Ct. 1257 (2016), see § 2255(f)(3), its holding does not apply to Mackey, as his sentence was not enhanced under any provision, statutory or otherwise, for having committed a "crime of violence." PSR ¶¶ 30-39, 42-68. Consequently, Mackey's motion to vacate is untimely because it was filed almost three years after his conviction became final. See § 2255(f)(1). He cannot overcome the time bar in § 2255(f)(1) merely by citing to Johnson when he has not shown that decision applies to his judgment.

5

Accordingly, the Government's motion to Dismiss shall be granted and Mackey's Motion to Vacate shall be dismissed as untimely and for failure to state a claim upon which relief may be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 5) is **GRANTED**;

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED as untimely and for failure to state a claim upon which relief may be granted**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 23,

Frank D. Whitney
Chief United States District Judge